UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY<br>1291 Brentwood Road, N.E., Apt. 2<br>Washington, DC 20018<br><br>ANTHONY MCCOY 18452-016<br>FCC USP Coleman<br>P.O. Box 1033<br>Coleman, FL 33521,<br><br>            Plaintiffs<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civ. A. No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(Damages under the Federal Tort Claims Act: Stabbing of Federal Prisoners by
Cellmate Negligently Placed in Their Cell)**

**INTRODUCTION**

1.  This is an action for compensatory money damages under the Federal Tort

Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* Federal prison officials over plaintiffs'

objections negligently put prisoner Michael White in plaintiffs' cell in the United States

Penitentiary in Leavenworth, Kansas, and left him there, despite the officials' knowledge

that White was the principal suspect in the killing of another prisoner; and that the killing

had occurred immediately after, and was apparently motivated by, the decedent's

punching of plaintiff Albert C. McCoy—making McCoy a witness in the case against

White. On September 1, 2003, about ten days after White was placed in plaintiffs' cell,

White without warning repeatedly stabbed Albert C. McCoy with a sharp metal object,

accusing McCoy of "snitching on him"; repeatedly stabbed plaintiff Anthony McCoy;

and then again stabbed Albert C. McCoy several more times, after Albert C. McCoy had struck the cell door with his fist repeatedly and yelled for help.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. § 1346(b).  Plaintiffs timely submitted proper FTCA administrative claims to the federal Bureau of Prisons (BOP), which on January 27, 2005, acknowledged receipt of the administrative claims.  The amount of Albert C. McCoy's claim was $800,000.  The amount of Anthony McCoy's claim was $600,000.  By letters mailed on November 16, 2005, BOP notified plaintiffs of the agency's final denial of their claims.  The letters said plaintiffs "may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification."

3.  Plaintiffs are residents of the District of Columbia.  Venue is proper under 28 U.S.C. § 1391(e)(3).

## PARTIES

4.  Plaintiff Albert C. McCoy is a resident of the District of Columbia.  At the times of the events giving rise to his claims, plaintiff was a prisoner in the United States Penitentiary in Leavenworth, Kansas.  Plaintiff recently was released from prison.

5.  Plaintiff Anthony McCoy is a resident of the District of Columbia.  At the times of the events giving rise to his claims, plaintiff was a prisoner in the United States Penitentiary in Leavenworth, Kansas.  Plaintiff recently was transferred to the United States Penitentiary in Coleman, Florida, where he remains imprisoned.

6.  Defendant United States of America (United States), through the Bureau of Prisons and its officials, agents, and employees, operates the United States Penitentiary in

Leavenworth, Kansas. Under the FTCA defendant is liable for compensatory damages for personal injury caused by the negligent acts or omissions of its employees while acting within the scope of their offices or employment. The prison officials who negligently placed and left Michael White in plaintiffs' cell were employees of the United States who acted within the scope of their offices or employment.

## FACTS

7. On December 31, 2002, a white prisoner having a reputation for holding racist, white supremacist views, punched plaintiff Albert C. McCoy, breaking McCoy's nose. Albert C. McCoy is black and at the time was a District of Columbia prisoner. Shortly after the punching of McCoy, the prisoner who had punched him was killed—he was stabbed about 28 times.

8. Within a few minutes after the killing, prison officials found a trail of blood leading from the site of the killing to Michael White's cell, and found White, a District of Columbia prisoner who is black, in his cell with blood on him, blood on his clothes, and blood in his cell. Prison officials immediately put White in detention pending investigation of the killing by prison authorities and the Federal Bureau of Investigation (FBI).

9. About half an hour later (still on December 31, 2002), prison officials put plaintiff Albert C. McCoy in detention pending investigation of the killing. Two days later, on January 2, 2003, prison officials put plaintiff Anthony McCoy in detention pending investigation of the killing. Prison officials put the McCoys in the same cell. Albert C. McCoy is Anthony McCoy's uncle.

3

10.  On about August 22, 2003, prison officials put White in the McCoys's cell. Before putting White in the McCoys's cell, prison officials on a couple of occasions had discussed with the McCoys the idea of putting White in their cell, and on those occasions both McCoys had said they did not want White in their cell.  When prison officials put White in the McCoys's cell, they gave the McCoys no choice about the matter.

11.  When prison officials put White in the McCoys's cell (or after they put White in the cell and before the September 1, 2003, stabbing), they knew (or should have known) that White and the McCoys were in detention due to the same homicide investigation and that evidence indicated that (a) White almost certainly had participated in the killing; and (b) the motive for the killing had been that the decedent, shortly before his death, had attacked plaintiff Albert C. McCoy, breaking his nose.

12.  At about 1:30 to 2:00 p.m. on September 1, 2003, (which was about ten days after prison officials put White in the McCoys's cell),  plaintiff Albert C. McCoy was in his cell sitting on his bed.  He was writing.  Plaintiff Anthony McCoy was lying asleep on his own bed.  White, coming from the area of the toilet and shower, approached Albert C. McCoy and stabbed him repeatedly with a piece of sharp metal.  As he stabbed McCoy, White repeatedly said that McCoy had been "snitching on him" (which was not true).  As the stabbing continued, Albert C. McCoy ran over by the door and fell to the floor. White continued to stab him.

13.  Plaintiff Anthony McCoy then woke up.  White left Albert C. McCoy and stabbed Anthony McCoy, who attempted to use his mattress to protect himself.  White stabbed Anthony McCoy five times.  While White stabbed Anthony McCoy, Albert C. McCoy repeatedly struck the door with his fist and yelled for help.

14.  An inmate orderly working on the tier ran to the officer "bubble" and alerted officers who were in the bubble.  Officers ran to the outside of the McCoys's cell door.

15.  Between the time that Albert C. McCoy began striking the door and the arrival of the officers outside the door, White stopped stabbing and attempting to stab Anthony McCoy and returned to stabbing Albert C. McCoy.

16.  When the officers arrived outside the door, they told White to stop.  White did not stop.  Instead, he stabbed Albert C. McCoy about seven or eight more times (three or four times to the head and three or four times to the body), while Albert C. McCoy lay curled up on the floor pleading with the officers to act and the officers stood outside the door, making no effort to open it.  White then left Albert C. McCoy and moved back toward Anthony McCoy.  An officer put a gas gun through the tray slot in the door. White stopped his attack and raised both of his hands.

17.  White stabbed plaintiff Albert C. McCoy a total of twenty-five times.

18.  Given the evidence that White likely was the killer (or at least one of the killers) of the inmate who was killed on December 31, 2002, prison officials after December 31, 2002, should have put White in a cell by himself pending completion of the homicide investigation.  After December 31, 2002, pending completion of the investigation of the killing, prison officials were negligent in putting White in a cell with any other inmate.

19.  At the time prison officials put White in the McCoys's cell, through the time of White's stabbing of the McCoys on September 1, 2003, the investigation of the December 31, 2002, killing was still pending.  Prison officials were egregiously negligent in housing White in a cell with plaintiff Albert C. McCoy.  The decedent's punching of

McCoy on December 31, 2002, had been the apparent motive for the killing, which likely had been done by White. Because of this, White had reason to believe that authorities would view McCoy as a possible suspect; and that McCoy, in an effort to exculpate himself, would "snitch" on White. This gave White a motive to kill McCoy--to silence him, or simply to punish him for suspected snitching. Where prison authorities know or should know that one inmate has a motive to kill another, putting the two inmates in the same cell and leaving them together is egregious negligence.

20. White's attack on the McCoys was a foreseeable consequence of, and therefore proximately caused by, the egregiously negligent housing of White in the McCoys's cell. White's motive to silence or punish Albert C. McCoy and the strong evidence that White repeatedly had stabbed and killed a prisoner made White's attack on Albert C. McCoy foreseeable. It was also foreseeable that Anthony McCoy would defend his uncle if the latter were attacked by White, making Anthony McCoy a foreseeable target of attack by White.

21. As a result of the repeated stabbing by White, plaintiff Albert C. McCoy suffered a punctured lung. The stabbing was painful and during the stabbing plaintiff was terrified. Plaintiff was in pain for many weeks after the stabbing. Plaintiff continues to have trouble breathing and problems with the left side of his body indicative of nerve damage. The stabbing caused plaintiff to have post-traumatic stress disorder (PTSD), with symptoms including anxiety, increased susceptibility to startle, sleep disruption, nightmares, and fear of being with others, particularly in small places or when locked in. For treatment of his PTSD, plaintiff Albert C. McCoy has seen a mental health therapist and taken prescription medication. He has a continuing need to do so.

22. The repeated stabbing of plaintiff Anthony McCoy by White was painful and during the stabbing plaintiff was terrified.  Plaintiff was in pain for many weeks after the stabbing.  The stabbing caused plaintiff to have post-traumatic stress disorder (PTSD), with symptoms including anxiety, increased susceptibility to startle, sleep disruption, nightmares, and fear of being with others, particularly in small places or when locked in.  For treatment of his PTSD, plaintiff Albert C. McCoy has seen a mental health therapist and taken prescription medication.  He has a continuing need to do so.

## CLAIMS

23.  On the facts alleged above, defendant United States is liable to the plaintiffs for compensatory damages for personal injury caused by the negligent acts and omissions of the federal prison employees who put White in plaintiffs' cell and left him there until he attacked plaintiffs.

## PRAYER FOR RELIEF

24.  Plaintiff Albert C. McCoy asks the Court to enter judgment in his favor against defendant in the amount of $800,000 (eight hundred thousand dollars).

24.  Plaintiff Anthony McCoy asks the Court to enter judgment in his favor against defendant in the amount of $600,000 (six hundred thousand dollars).

Respectfully submitted,

_____
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs