UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>ANTHONY MCCOY<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06cv762 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

The defendant, by and through their attorney, the United States Attorney for the District of Columbia, hereby moves to dismiss this case for lack of subject matter jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1) and (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a).  In the alternative, any claims not dismissed should be transferred to the District of Kansas where venue is proper.  This motion is accompanied by a Memorandum and a proposed Order consistent with LCvR 7(a) and (c).

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

                    /s/
_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>ANTHONY MCCOY<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06cv762 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS AND TRANSFER**

Defendant respectfully moves to dismiss this case for lack of subject matter jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1) and (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a). Alternatively, any claims not dismissed should be transferred to the District of Kansas where venue is proper.

**I. BACKGROUND**[1]

During the relevant time period, Plaintiffs were incarcerated at United States Penitentiary Leavenworth, located in Kansas. Compl. ¶¶ 4, 5. On December 31, 2002, while incarcerated at USP Leavenworth, an inmate punched plaintiff Albert McCoy and broke his nose. This inmate was subsequently killed. Compl. ¶ 7. A trail of blood led prison officials to the cell of Michael White. Mr. White was immediately placed in detention pending an investigation. Compl. ¶ 8. That same day, officials put Albert C. McCoy in detention pending an investigation of the killing. Id. "Two days later, on January 2, 2003, prison officials put plaintiff Anthony McCoy in

---

[1] Factual assertions set forth herein are based on the allegations in Plaintiffs' Complaint, which are assumed to be true for purposes of this motion only.

detention pending investigation of the killing.  Prison officials put the McCoys in the same cell."[2]  Compl. ¶ 9.

Despite Plaintiffs' alleged opposition, on or about August 22, 2003, Mr. White was placed in the same cell as the McCoys.  Compl. ¶ 10.  On September 1, 2003, Mr. White began stabbing Albert McCoy, stating that Albert C. McCoy had been snitching on him.  Compl. ¶ 12.  Mr. White then turned on Anthony McCoy and began stabbing him.  Compl. ¶ 13.  "While White stabbed Anthony McCoy, Albert C. McCoy repeatedly struck the door with his fist and yelled for help."  Id.  Officers were alerted and ran to the outside of the McCoys' cell door.  Compl. ¶ 14.  When officers arrived, Mr. White had stopped stabbing Anthony McCoy and had begun stabbing Albert C. McCoy again.  Compl. ¶ 15.  Mr. White stopped his assault when an officer put a gas gun through the tray slot on the door.  Compl. ¶ 16.

Plaintiffs allege that "[p]rison officials were egregiously negligent in housing White in a cell with plaintiff Albert C. McCoy."  Compl. ¶ 19.  According to Plaintiffs, the "decedent's punching of [Albert C.] McCoy on December 31, 2002, had been the apparant motive for the killing, which likely had been done by White."  Id.  Plaintiffs' further conjecture that "White had reason to believe that authorities would view [Albert C.] McCoy as a possible suspect; and that McCoy, in an effort to exculpate himself, would 'snitch' on White."  Id.

As a result of the stabbing, Albert C. McCoy alleges that he suffered a punctured lung, pain, breathing problems, nerve damage to his left side, and post-traumatic stress disorder.  Compl. ¶ 21.  Anthony McCoy alleges that he suffered pain and post-traumatic stress disorder.  Compl. ¶ 22.  Plaintiffs seek compensatory damages for their personal injuries in the amounts of

---

[2]  Albert C. McCoy is Anthony's McCoy's uncle.  Compl. ¶ 9.

$800,000 (Albert McCoy) and $600,000 (Anthony McCoy). Compl. ¶¶ 23-25.

Currently, Albert C. McCoy is a resident of the District of Columbia. Compl. ¶ 4. However, Anthony McCoy is incarcerated at the United States Penitentiary in Coleman, Florida. Compl. ¶ 5.

## II.  ARGUMENT

### A.  Plaintiffs' tort claim should be dismissed pursuant to Rule 12(b)(3) and 28 U.S.C. § 1402(b) for improper venue.

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F. Supp.2d 50, 54 (D.D.C. 2001). However, the court need not accept as true plaintiff's legal conclusions. U-Haul, 148 F. Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

Plaintiffs make their claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). See Compl. ¶ 2. Venue for the FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where plaintiff resides or wherein the act of omission complained of occurred."

Here, the District of Columbia is clearly *not* the proper venue for Plaintiff Anthony McCoy. Even though Plaintiff Anthony McCoy may have previously resided in the District of Columbia, he currently resides in Florida because he is incarcerated there. Compl. ¶ 5. See In re

Pope, 580 F.2d 620, 622 (D.C. Cir. 1978) (A federal prisoner's residence for venue purposes is his current place of confinement.). Moreover, with respect to *both* Plaintiffs, the prison that is the subject of their claim is located in Kansas. Compl. ¶¶ 4-5. All of the events giving rise to Plaintiffs' claim occurred in Kansas, not Washington, D.C. Compl. ¶¶ 7-17. Thus, venue is not proper here. See Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

### B.     Any claim not dismissed should be transferred to the District of Kansas

Alternatively, should this Court decide not to dismiss Plaintiff Anthony McCoy's claim outright, this case should be transferred to the *only* jurisdiction that is proper for *both* Plaintiffs, the District of Kansas. 28 U.S.C. § 1404(a) provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer a case to a more convenient forum, the court may consider: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002) (hereinafter AWG).

Though a plaintiff's choice of forum is entitled to deference, a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside

in the chosen forum. AWG, 226 F. Supp. 2d at 230 (and cases cited therein). See also Weber v. Basic Comfort, 155 F. Supp. 2d 283 (E.D. Pa. 2001). That is quite clearly the case here. As Plaintiffs' complaint demonstrates, **all** events occurred in the District of Kansaas. Defendant acknowledges that Plaintiff Albert C. McCoy's residency in the District of Columbia confers jurisdiction in this District. However, to proceed with both Plaintiffs' claims, their cases would have to be split between two districts, the District of Kansas and the District of Columbia. The interests of justice, judicial economy, and the convenience of the witnesses dictate that Plaintiffs' claims should remain together. Thus, the case should be litigated in the District of Kansas, where the causes of action arose, where the decisions were made and implemented, and where Plaintiffs were incarcerated and allegedly suffered the negligence of Bureau of Prisons officials.[3]

Finally, courts in this circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. Trout Unlimited v. U.S. Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993)). "[A]lthough Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." Claasen v. Brown, Civ. No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996). Even though one of the Plaintiff's choice of forum is technically proper in the District of Columbia, this should not be dispositive because (1) the facts giving rise to the claim occurred in the District of Kansas, and (2) the co-Plaintiff cannot establish proper venue in the District of Columbia, but can bring his lawsuit in the District of Kansas. Moreover, considerations of

---

[3] In addition, "the location of counsel is entitled to little or no weight in the Court's transfer analysis." Andrade v. Chojnacki, 934 F. Supp 817, 833 (S.D. Texas 1996).

convenience and justice weigh in favor of transferring this action to the District of Kansas.

Thus, for the convenience of the parties, and in the interest of judicial economy, both Plaintiffs' claims should be transferred to the District of Kansas pursuant to 28 U.S.C. § 1404(a).

### III.  CONCLUSION

For reasons stated herein, this action should be dismissed.  Any claims not dismissed should be transferred to the District of Kansas where venue is proper for both Plaintiffs.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338