UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>ANTHONY MCCOY<br><br>Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civ. A. No. 06cv762 (PLF)<br>)<br>)<br>)<br>) |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

Defendant's motion should be denied for three reasons: (1) because venue is proper here as to the claim of Albert McCoy, the Court has pendent venue as to Anthony McCoy's claim, irrespective of the venue that would be proper if only Anthony McCoy's claim were before the Court;[1] (2) in any event, venue as to Anthony McCoy's claim is proper here because (a) he is a District of Columbia prisoner who resides in the District of Columbia, not a federal prisoner; (b) even if he were a federal prisoner, venue would be proper here under 28 U.S.C. § 1402(b) because he resides in the District for purposes of that statute;[2] and (3) defendant has failed to make the showing required to warrant transfer of the action to Kansas.[3]

---

[1] In addition to challenging venue, defendant's motion asserts, but does not argue, that the Court lacks subject matter jurisdiction. The Court, however, has jurisdiction under 28 U.S.C. § 1346(b)(1).

[2] Plaintiffs' complaint should have cited § 1402(b) as well as 28 U.S.C. § 1391(e)(3).

[3] Thus, even if the Court were to refuse to invoke pendent venue as to Anthony McCoy's claim, and were to hold that Anthony McCoy is a Florida resident because defendant took him there, it would be proper to allow (a) Albert McCoy to sever his claim under Rule 21, Fed. R. Civ. P., and to stay in this Court; and (b) Anthony McCoy to choose transfer of his severed action to Florida instead of Kansas.

**The Court has Pendent Venue as to Anthony McCoy's Claim**

Defendant does not dispute that Albert McCoy is a District of Columbia resident and that for this reason venue here is proper as to his claim.[4] Further, it is undisputed, and indisputable, that Anthony McCoy and Albert McCoy are properly joined as parties under Rule 20(a), Fed. R. Civ. P., because their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and . . . questions of law or fact common to [both] will arise in the action." The two plaintiffs' claims, moreover, are against the same defendant. In these circumstances, the Court has, and should exercise, pendent venue as to Anthony's McCoy's claim. *Beattie v. United States*, 756 F.2d 91, 102-03 (D.C. Cir. 1984) (doctrine of pendent venue applicable in Federal Tort Claim Act cases, even where pendent jurisdiction not invoked, and is appropriately exercised where claims arise on common facts).

Where the Court has jurisdiction over two claims arising on common facts, and venue is proper as to one, "statutory requirements as to venue" concerning the second claim are inapplicable. *Beattie*, 756 F.2d at 101 (internal quotation marks omitted). Venue as to the second claim is a matter of judicial discretion, based on considerations of "procedural convenience," *id*., and any other "applicable policy considerations," *id*. at 103.

As a matter of policy, the Federal Tort Claims Act (FTCA) venue statute creates "a strong negative presumption against courts finding discretionary pendent venue elsewhere . . . than where plaintiffs reside or where the acts or omissions complained of occurred"; and this

---

[4] Despite defendant's tacit admission that venue is proper here as to Albert McCoy's claim because he is a District of Columbia resident, defendant erroneously argues, inconsistently, that "venue is not proper here" because "[a]ll of the events giving rise to Plaintiffs' claim occurred in Kansas, not Washington, D.C." Dfdt's Mem. at 4. For this argument, defendant erroneously relies on *Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003). *Zakiya* is inapplicable because in that case there was no claim of venue in the District of Columbia based on residence in the District. The only question was whether the operative events had occurred in the District.

presumption militates against exercise of pendent venue where a plaintiff seeks "to use pendent venue to completely circumvent the FTCA's venue provisions by bringing his FTCA claims under the general provisions applicable to [claims made under a different federal statute, such as] the Privacy Act." *Beattie*, 756 F.2d at 103, n. 82 (internal quotation marks omitted).

The *Beattie* Court, however, found the presumption overcome in that case because the case involved two FTCA claims, not an FTCA claim and a claim under another statute, and venue was proper as to one of the FTCA claims. The Court held that pendent venue was proper as to an FTCA claim that neither arose in the District nor was brought by a District resident, because the claim arose on facts that overlapped those of an FTCA claim that did arise in the District. "In the present case," the Court said, "pendent venue is used to satisfy venue requirements for a portion of plaintiffs' FTCA claims, based on the satisfaction of venue requirements by the remainder of plaintiffs' claims in this FTCA case." *Id*.

The same is true here. Venue is proper with respect to Albert McCoy's FTCA claim; and pendent venue is proper as to Anthony McCoy's FTCA claim, which raises identical legal issues and arises on essentially the same facts.

Where exercise of pendent venue would involuntarily bring in a defendant who otherwise could not be made to appear, "fairness to the litigants," *Beattie*, 756 F.2d. at 103, might warrant refusal to exercise pendent venue. *See generally*, *Aldinger v. Howard*, 427 U.S. 1 (1976) (declining pendent party jurisdiction over defendant not sued on a federal claim; legislatively overruled by 28 U.S.C. § 1367). But here, lack of identity of the parties creates no unfairness. The United States is the only defendant, and it is properly before the Court on the claim of Albert McCoy. There is no unfairness to the United States in requiring it to defend in the same forum against Anthony McCoy's claim, which arises on nearly identical facts and presents the same

questions of law.  Here, lack of identity of the parties is due to the voluntary decision of one plaintiff to come to the forum where another plaintiff properly has brought suit, and to join the latter, properly under Rule 20(a), in bringing a legally identical claim arising on common facts. Because Anthony McCoy's properly joined claim does not seek involuntarily to bring in a defendant who could not otherwise be made to appear in this Court, there is no unfairness involved in the Court's exercise of pendent venue as to Anthony McCoy's claim.[5]

For the reasons stated above, the Court should hold that venue is proper as to Albert McCoy's claim and that the Court has pendent venue as to Anthony McCoy's claim.

**In Addition, Venue as to Anthony McCoy's Claim is Proper Because He is a District of Columbia Resident**

Because the Court has pendent venue as to Anthony McCoy's claim, the Court need not decide the question of his residence.  Nonetheless, venue also is proper here because Anthony McCoy is a District of Columbia resident.

Defendant erroneously argues that, for purposes of the FTCA venue statute, 28 U.S.C. § 1402(b), Anthony McCoy "currently resides in Florida because . . . a federal prisoner's residence for venue purposes is his current place of confinement."  Dfdt's Mem. at 3-4.  Defendant's argument is erroneous for two reasons.  First, Anthony McCoy is a District of Columbia prisoner, not a federal prisoner.  He is incarcerated for District of Columbia offenses pursuant to

---

[5] Defendant's erroneous legal position—that "the *only* jurisdiction that is proper for *both* Plaintiffs [is] the District of Kansas," where the operative facts occurred, Dfdt's Mem. at 4— would impose unwarranted and unacceptable hardships.  Under defendant's legal theory, if two friends, one from Maryland and one from the District of Columbia, were to take an automobile trip to Alaska and both be rendered quadriplegic in a vehicle accident there caused by the negligence of a United States government driver—under circumstances where negligence is largely indisputable and the predominant question is the damages that should be paid to the plaintiffs based on the testimony of the plaintiffs and their family members, doctors, and employers, all living in Maryland and the District—the only forum in which the plaintiffs jointly could bring their FTCA claims would be the district court in Alaska.  Defendant's theory is not the law.

4

a sentence imposed by the Superior Court of the District of Columbia.[6] Second, for purposes of § 1402(b), a plaintiff's residence is the place where the plaintiff either lives now and intends to remain with some permanence or lived before and intends permanently to return, after dwelling temporarily elsewhere. *Nowotny v. Turner*, 203 F. Supp. 802, 803-04 (M.D.N.C. 1962).[7] Anthony McCoy intends to leave federal prison as soon as defendant will let him go and to return to the District of Columbia, where he lived before his current incarceration. For purposes of § 1402(b), Anthony McCoy is a District of Columbia resident.

Defendant erroneously relies on *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978). There, the Court said that "*for purposes of the general venue statute* [28 U.S.C. § 1391(e)] a prisoner [convicted of federal offenses] has his residence at his place of confinement." *Id.*[8] The Court said that it had adopted this rule in *Starnes v. McGuire*, 512 F.2d 918, n.7 (D.C. Cir. 1974) (en banc), as a "policy of convenience," though

> [t]here is considerable support for the notion that one does not change his residence to the prison by virtue of being incarcerated there. *Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972); Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962); Turner v. Kelley, 411 F. Supp. 1331, 1332 (D.Kan. 1976); Ott v. United States Board of Parole, 324 F. Supp. 1034, 1037 (W.D.Mo. 1971).*

*Pope*, 580 F.2d at 622. The *Pope* opinion noted that, before *Starnes*, the Court in dictum had said that "a prisoner resides in his last domicile prior to his incarceration." Id. at 622, n. 2, *citing Wren v. Carlson*, 506 F.2d 131 (D.C. Cir. 1974).

---

[6] Attached is his Superior Court Notice of Appeal showing his convictions and sentences.

[7] Intent, for purposes of residence, means voluntary intent. The residences of military members, for example, do not change merely because they are involuntarily ordered to new duty stations.

[8] The prisoner in *Pope* was both a federal and state prisoner, but the merits of his case concerned matters pertaining solely to his federal conviction. Thus, *Pope* concerned the residence, for purposes of § 1391(e), of a prisoner incarcerated for federal offenses.

The federal prisoner claims in *Starnes* and *Pope* were equitable claims concerning administration of the prisoners' federal sentences. The claims had been brought in this Court solely because the heads of the responsible federal agencies maintained their offices in the District of Columbia. The *Starnes* Court noted that the plaintiffs in the case had not been sentenced in the District and that there was "no reason why [the] cases . . . should be litigated" here. 512 F.2d at 924, n.3 and 925, n.7. For these reasons, the Court adopted—for purposes of the general venue statute, § 1391(e)—its "policy of convenience." The policy ensured that this Court would not have to adjudicate a disproportionate load of federal prisoner sentence administration claims simply because agency heads have their offices here.

The *Starnes* policy of convenience is inapplicable to determining the residences of prisoners for purposes of § 1402(b). For purposes of this statute, there is no reason for residence to have a different meaning depending on whether the plaintiff is or is not a prisoner. In fact, the opposite is true. Because the *Starnes* rule would permit the filing of prisoner FTCA claims only in districts that have prisons, the rule would impose on those districts a disproportionate load of prisoner FTCA cases, contrary to the congressional policy reflected in § 1402(b), which allows FTCA claims in all district courts. The District of Columbia, moreover, has a substantial interest in the adjudication of the claims of District of Columbia prisoners—many of whom, like Anthony McCoy, are serving Superior Court sentences for non-federal crimes—when they assert they have been tortiously injured in prison by federal employees. The District of Columbia's interest in these prisoners' claims contrasts sharply with its lack of connection to the prisoners who were plaintiffs in *Starnes* and *Pope*.

For these reasons, the Court should hold that, for purposes of § 1402(b), Anthony McCoy is a resident of the District of Columbia, and venue here therefore is proper.

**Defendant's Argument for Transfer to Kansas is Erroneous and Insufficient**

Defendant's argument for transfer to Kansas fails to meet defendant's "burden of establishing that . . . considerations of convenience and the interest of justice weigh in favor of transfer." *Airport Working Group of Orange County, Inc. v. United States DOD*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002). Defendant's argument is not merely unsupported, but erroneous.

Defendant erroneously argues that transfer is appropriate because "plaintiff does not reside in the chosen forum." Dfdt's Mem. at 4-5. Defendant contradicts its own argument three sentences later, where it "acknowledges that Plaintiff Albert C. McCoy[] reside[s] in the District of Columbia." *Id*. at 5. Defendant asserts (erroneously we have shown) that Anthony McCoy does not reside in the District, but the point relevant here is that defendant's motion does not seek transfer to the district where defendant claims he *does* reside. Defendant claims Anthony McCoy resides in Florida, but defendant seeks transfer to Kansas. With respect to the factor of residency, transfer to Kansas clearly would not be "convenien[t] and in the interest of justice," because it would move the case from a district where defendant admits at least one plaintiff resides, to a district where neither plaintiff resides. As we have shown above, moreover, both plaintiffs reside in the District of Columbia.

Defendant erroneously argues that "to proceed with both Plaintiffs' claims, their cases would have to be split between two districts, the District of Kansas and the District of Columbia." Dfdt's Mem. at 5. As we have shown above, venue is proper here as to both plaintiffs' claims, either under the doctrine of pendent venue or because Anthony McCoy, as well as Albert McCoy, is a District of Columbia resident.

Apart from its erroneous arguments, defendant argues only that transfer to Kansas is warranted because "all events [complained of] occurred in the District of Kansas." Dfdt's Mem.

7

at 5. This is insufficient. Defendant overlooks that, under § 1402(b), venue is proper *either* "where the plaintiff resides *or* wherein the act or omission complained of occurred." (Emphasis added.) Section § 1402(b) does not give a preference to the latter venue over the former. Because plaintiff's choice of venue, based on residence, must be accepted absent demonstration by defendant that "considerations of convenience and the interest of justice" weigh in favor of transfer, it is not enough for defendant simply to *say* that the events occurred in Kansas.

To warrant transfer on this ground, defendant would have to demonstrate specifically, with respect to the relevant evidence concerning plaintiffs' particular claims, that convenience and justice favor the forum where the events occurred. *Terkeurst v. United States*, 549 F. Supp. 455 (W.D. MI 1982). In *Terkeurst*, the court denied transfer of an FTCA case from the district of plaintiff's residence to the district where the events complained of occurred because:

> Defendant's allegation of inconvenience is not supported by particulars in the form of proof or affidavits and, therefore, "cannot be accorded much weight in balancing conveniences." *Essex Crane Rental Corp. v. Vic Kirsch Constr. Co., 486 F. Supp. 529, 535 (S.D.N.Y. 1980)*. In fact, defendant does not even allege a hardship if venue remains in Michigan. Although the Government states that the "vast majority" of witnesses reside in Idaho, it does not specify the actual number of witnesses, the nature of their testimony, nor the extent to which they would be inconvenienced. In *Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947),* the court stated:
>
>> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost [**13] of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

>*Id. at 508.* Because defendant has failed to specify circumstances indicating the "relative advantages" of a change of venue to the District of Idaho, the court will deny the request for transfer.

As in *Terkeurst*, defendant here has made no specific demonstration with respect to the evidence relevant to plaintiffs' claims that transfer to the forum where the events occurred would be convenient or in the interest of justice. Defendant has made no showing, for example, that any witness whose testimony is needed would be available in Kansas but not in the District of Columbia. Nor has defendant referred to any other type of evidence important to the case that is conveniently located in Kansas but could not readily be brought to the District of Columbia.

Nor is it likely that defendant could make the required demonstration. Most of the witnesses likely to testify at trial are not located in Kansas. This is because the facts determinative of liability are likely to be undisputed and established both by plaintiffs' testimony and defendant's documents. Plaintiffs were stabbed by their cellmate, who was placed in their cell despite prison officials' knowledge that he was the prime suspect in a murder the motive for which was the murder victim's immediately preceding assault on plaintiff Albert McCoy. There are no disputed operative facts to which Kansas witnesses necessarily must testify to determine whether, in these circumstances, placement of the murder suspect in plaintiffs' cell was negligent.

If the indisputable facts establish defendant's liability for negligence as a matter of law, as plaintiffs claim they do, the only witnesses likely to testify will be damages witnesses— plaintiffs and doctors who currently treat plaintiffs for post-traumatic stress disorder. None of these witnesses is in Kansas. Plaintiff Albert McCoy is here, and requiring him to litigate in Kansas would impose hardship. Where Anthony McCoy will be housed at the time of trial is unknown, because defendant controls his location; but the Court has authority to order defendant

to bring him here for trial. *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107 (4th Cir. 1988); *Hawks v. Timms*, 35 F. Supp. 2d 464 (D. MD 1999).

For the reasons stated above, defendant's argument for transfer is both erroneous and insufficient, and should be denied.

**Conclusion**

Defendant's motion should be denied in its entirety.

Respectfully submitted,

_____
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs