UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. McCOY and<br>ANTHONY McCOY<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)　Case No. 06-0762 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS OR TO TRANSFER**

**I.  INTRODUCTION**

In response to defendant's motion to dismiss or to transfer for lack of subject matter jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1) and (3) and 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a) or, alternatively, to transfer to the District of Kansas, plaintiffs (1) rely on case law which supports defendant's position, or is inapposite; and (2) fail to demonstrate that Anthony McCoy is a District of Columbia resident.  The most appropriate venue remains where plaintiffs allege the tort occurred, where most witnesses reside, and where all of the administrative records are located: the District of Kansas.  In support of this Reply, the Defendant attaches the Declaration of Renee Brinker Fornshill.

**II.  Legal Standard**

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." <u>Darby v. Dept. of Energy</u>, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing <u>2215 Fifth St. Assocs. v. U-Haul Intl, Inc.</u>, 148 F. Supp.2d 50, 54 (D.D.C. 2001).  However, the court need not accept as true plaintiff's

legal conclusions. U-Haul, 148 F. Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

### III.  ARGUMENT

Plaintiffs make their claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Venue for the FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where plaintiff resides or wherein the act of omission complained of occurred." The parties agree that venue is proper in the District of Columbia with respect to Albert C. McCoy, because he resides here. However, relying primarily on Beattie v. United States, 756 F.2d 91 (D.C. Cir. 1984), plaintiffs argue that this Court should exercise its discretion and invoke pendent venue with respect to Anthony McCoy's claim. Plaintiffs' reliance on Beattie is misplaced because that case demonstrates that policy considerations such as judicial economy, convenience of witnesses, and avoidance of piecemeal litigation, dictates that this case be transferred to the District of Kansas.

The Beattie case "arises out of the crash of an Air New Zealand aircraft into Mount Erebus, Antarctica, on 28 November 1979." 756 F.2d at 92. Plaintiff filed a complaint in the United States District Court for the District of Columbia, "seeking recovery against the United States for wrongful death under the Federal Tort Claims Act (FTCA)." See id. at 93 (footnote omitted). Plaintiffs amended their complaint alleging negligence of "United States Navy Air Traffic Controllers at McMurdo Naval Air Station, Antarctica, as well as negligence in the selection, training, and supervision of the navy personnel at McMurdo Base by officials of the

Department of Defense." Id. The United States filed a motion to dismiss arguing, among other things, that venue was improper. "The primary basis for the motion was the 'foreign country' exception to the Federal Tort Claims Act," which "removes from the scope of the FTCA '[a]ny claim arising in a foreign country.'" Id. (footnote omitted).

After determining that Antarctica was not a foreign country, see id. at 94, the Court addressed the issue of venue. The plaintiffs in Beattie were all residents of Great Britain or New Zealand, so that venue had to be satisfied through the place of the act or omission. See id. at 100. With respect to plaintiffs' claims of negligence occurring in Washington, D.C. and the Pentagon ("headquarter claims"), the Court stated that these claims satisfy the venue requirements of section 1402(b) on their face. See id.

With respect to plaintiffs' claims involving negligence in Antarctica, the Court considered two theories: single cause of action and pendent venue. The Court determined that "this litigation can accurately be described as a single cause of action with separate grounds for relief. Plaintiffs seek damages for 'an essentially single wrong,' i.e., wrongful death." Id. at 101. The Court explained that the plaintiffs alleged two separate grounds for relief against the same defendant, which "are identical as to parties and very similar as to proof." Id. Lastly, the Court noted that "[t]here will be great commonality as to witnesses and evidence." Id. In light of the foregoing, the Court concluded that "there is but a single cause of action, [thus] venue under § 1402(b) is satisfied for the entire case by virtue of the headquarters claims." Id.

The Court next considered whether the principle of pendent venue provided the plaintiffs with proper venue in the District of Columbia for their Antarctica claims. In its discussion, the Court stated that

> [w]hether to apply the principle of pendent venue in any given case is a discretionary decision, based on applicable policy considerations. Some of these considerations will be the same as those that support the exercise of pendent jurisdiction - judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants. Other considerations unique to the context of venue will apply. For example, the purpose of venue rules is generally considered to be 'primarily a matter of convenience of litigants and witnesses. It is also oriented to the convenience of the court system.

Id. at 103. The Court concluded that

> [g]iven all parties to this lawsuit will be properly before the district court on the headquarters claims, it does not seem too inconvenient to include the Antarctica claims in the same lawsuit. Indeed, even if the Antarctica claims were sued on alone, the District of Columbia might well be the most convenient forum, since many of the witnesses will be either here in Washington, D.C. or scattered around the globe. Records relating to the accident investigation of the Air New Zealand flight are located in Washington, D.C.

Id. at 104.

The considerations of pendent venue as described above, suggest strongly that this Court should exercise its discretion to transfer plaintiffs' claims to the District of Kansas, rather than keep their claims here. According to the Declaration of Renee Brinker Fornshill ("Fornshill Decl.") (attached hereto as Exhibit 1), plaintiffs provided a witness list for their administrative claims against the Bureau of Prisons. See Exhibit 1 at ¶ 2. That witness list contains the names of fifteen potential witnesses. See id. **Ten** of those fifteen witnesses still work at USP Leavenworth. See id. **Two** of the fifteen witnesses reside in the Kansas area, one witness works in Oklahoma, one works in Texas, and one is deceased. See id. Clearly, the convenience of the witnesses militates against exercising pendent jurisdiction as to Anthony McCoy's claim, and instead transferring this case to Kansas. See Beattie, 756 F.2d at 103; see generally Airport

Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002) (hereinafter AWG).

In addition to the majority of the witnesses being located in Kansas, **all administrative records** (Lieutenant logs, Special Housing Unit records, Special Investigation Section records, Custody records, etc.) regarding this incident are located at USP Leavenworth. See Fornshill Decl. at ¶ 3. This includes Albert C. McCoy's central file and medical records.[1] See id. These facts provide another basis for the Court to transfer this case to Kansas, rather than invoking pendent jurisdiction as to Anthony McCoy's claim. See Beattie, 756 F.2d at 104; AWG, 226 F. Supp. 2d at 230 (and cases cited therein);[2] see also Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a) for the convenience of the parties and witnesses and in the interests of justice, to district where, inter alia, majority of fact witnesses lived and personnel files were kept).

Plaintiffs next submit two alternative theories for their argument that Anthony McCoy's claim belongs in the District of Columbia because he is a resident here. Both theories are without merit. First, plaintiffs argue that Anthony McCoy is a resident here because his "residence [D.C.] is the place where [he] either lives now and intends to remain with some permanence or lived before and intends to permanently return, after dwelling temporarily

---

[1] Anthony McCoy's central file is with him at USP Coleman in Florida. See Fornshill Decl. at ¶ 3.

[2] Plaintiffs' alternative suggestion that the Court sever their claims, so that Albert McCoy can litigate in the District of Columbia, and Anthony McCoy in Florida, is totally contrary to considerations of judicial economy and convenience of the witnesses as discussed supra at 3-5.

elsewhere." See Opposition to Defendant's Motion to Dismiss or to Transfer ("Opposition") at 4.

In support of this argument, plaintiff relies on Nowotny v. Turner, 203 F.Supp. 802 (M.D.N.C. 1962), which concerned a soldier (plaintiff) assigned to Fort Bragg, North Carolina, who was a passenger in an automobile accident that occurred on the military reservation, which is located in Cumberland County. See Nowotny, 203 F.Supp. at 803. While temporarily staying in Moore County, Plaintiff sued the operator of the vehicle and the United States Army pursuant to the FTCA.[3] See id. The Court determined that plaintiff was not a resident in Moore County because plaintiff intended to return to his permanent residence and domicile in St. Louis, Missouri. See id. The Court made this finding "[f]rom the affidavits submitted and from the pleadings in the case." Id.

In this case, unlike in Nowotny, plaintiffs have not provided any sworn statements to support their conclusion that Anthony McCoy intends to return to the District of Columbia. Moreover, Anthony McCoy is not "dwelling temporarily elsewhere." See Opposition at 5. Anthony McCoy is serving a life sentence. See Fornshill Decl. at ¶ 4. The Bureau of Prisons does not have an expected release date for Mr. McCoy. See id. Thus, the Nowotny case is inapposite.

Plaintiffs' second theory for establishing that Anthony McCoy is a resident of the District of Columbia is that he "is a District of Columbia prisoner, not a federal prisoner," because "[h]e is incarcerated for District of Columbia offenses pursuant to a sentence imposed by the Superior

---

[3] Plaintiff was present in Moore County for only eleven days prior to the filing of his complaint. See Nowotny, infra, 203 F.Supp. at 803.

Court of the District of Columbia." See Opposition at 4-5. From this theory, plaintiffs argue that defendant erroneously relied on In re Pope, 580 F.2d 620 (D.C. Cir. 1978) ( federal prisoner's residence for venue purposes is his current place of confinement). See Opposition at 5. Plaintiff's theory is flawed. According to D.C. Code § 24-201-26:

> [a]ll prisoners convicted in the District of Columbia for any offense, including violations of municipal regulations and ordinances and acts of Congress in the nature of municipal regulations and ordinances, shall be committed, for their terms of imprisonment, and to such types of institutions as the court may direct, to the **custody of the Attorney General of the United States** or his authorized representative, who shall designate the places of confinements where the sentences of all such persons shall be served.

D.C. Code § 24-201-26 (emphasis added); Davis v. Moore, 772 A.2d 204 (D.C. 2001) (Attorney General has custody over all prisoners convicted in the District of Columbia and has unfettered discretion to designate them to prisons maintained by the District of Columbia government or by the federal government). In addition, "[s]ince August 2000 the United States Parole Commission has been responsible for making parole determinations with respect to District of Columbia prisoners." Stokes v. United States Parole Commission, 374 F.3d 1235, 1236-37 (D.C. Cir. 2004).

In light of the foregoing, defendant's reliance on In re Pope is not erroneous as plaintiffs argue, because Anthony McCoy is a federal prisoner. His residence for venue purposes, therefore, is his current place of confinement in Florida. See In re Pope, 580 F.2d at 622.

### IV.  CONCLUSION

For reasons stated herein, this action should be dismissed. Any claims not dismissed

should be transferred to the District of Kansas where venue is proper for both plaintiffs.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338