UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALBERT C. McCOY and ANTHONY McCOY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0762 (PLF) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue. Because venue is properly laid in the District of Kansas and because it would be in the interest of justice, the Court will transfer this action to the United States District Court for the District of Kansas.

I. BACKGROUND

Plaintiff Albert C. McCoy is currently a resident of the District of Columbia. Complaint ("Compl.") ¶ 4. Plaintiff Anthony McCoy is confined at the United States Penitentiary in Coleman, Florida, where he is serving a life sentence. Id. ¶ 5; see Defendant's Reply in Support of Motion to Dismiss or to Transfer ("Def. Reply") Ex. 1, Declaration of Renee Brinker Fornshill ("Fornshill Decl."). They are, respectively, uncle and nephew to one another. Compl. ¶ 19. Both men were serving prison sentences in the United States Penitentiary in

Leavenworth, Kansas at the time the incidents giving rise to these claims occurred. Id. ¶¶ 4, 9, 10.

Plaintiffs allege that a prisoner punched Albert C. McCoy on December 31, 2002, and broke his nose. Compl. ¶ 7. Shortly after this incident, the prisoner who punched Albert McCoy was stabbed 28 times to death. Id. On August 22, 2003, prison officials placed one of the main suspects in the killing, Michael White, in the same detention cell as the McCoys, over their objections. Id. ¶ 9. On September 1, 2003, that prisoner stabbed Albert C. McCoy 25 times and Anthony McCoy eight times while all three men were in the cell. Id. ¶¶ 12, 13, 17.

Plaintiffs bring claims against the United States of America, seeking damages for personal injuries caused by negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. They allege that the prison knew or reasonably should have known when it put White in plaintiffs' cell that he might attack Albert C. McCoy, who he may have suspected would "snitch" on him for the killing. Compl. ¶¶ 19-21.

Defendant moves to dismiss the case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1402(b) or 28 U.S.C. § 1404(a). Alternatively, it moves to transfer the case to the District of Kansas, the district in which the incidents giving rise to this action occurred.[1]

II. DISCUSSION

The FTCA provides that district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. Sloan v. Dep't of

---

[1] Defendant's motion also states that it seeks dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, but does not brief the issue. The Court therefore will address only the defendant's venue arguments.

Housing and Urban Development, 236 F.3d 756, 759 (D.C. Cir. 2001); see 28 U.S.C. § 1346(b). Claims under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because plaintiff Albert C. McCoy is a resident of the District of Columbia, jurisdiction is proper here under Section 1402(b). The question is whether this is an appropriate venue for this action.

Section 1404(a) of Title 28 of the United States Code states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When considering whether a transfer would be "in the interest of justice" under Section 1404(a), the Court may consider the following factors:

> The convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial.

Chung v. Chrysler Corp., 903 F. Supp. 160, 163 (D.D.C. 1995) (quoting Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991)). The burden is on the moving party to demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor," but the Court has broad discretion to determine where the proper balance lies. Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. at 323 (quoting Consolidated Metal Prods., Inc. v. American Petroleum Institute, 569 F. Supp. 773, 774 (D.D.C. 1983)). Although the court normally affords deference to the plaintiff's choice of forum, "the Court recognizes the diminished consideration accorded to a plaintiff's choice of forum where, as here, that forum has

no meaningful ties to the controversy and no particular interest in the parties or subject matter." Islamic Republic of Iran v. Boeing Co., 477 F.Supp. 142, 144 (D.D.C. 1979); see also Schmidt v. American Inst. Of Physics, 322 F. Supp. 2d. 28, 33-34 (D.D.C. 2004); Turner & Newall, PLC v. Canadian Universal Ins. Co., 652 F. Supp. 1308, 1310 (D.D.C. 1987).

   Plaintiffs argue that the proper venue is in the District of Columbia because both plaintiffs are residents. Defendant contends that Anthony McCoy is not a resident of the District of Columbia. The Court need not decide the question of Anthony McCoy's residency, however, because it finds that transferring the case to the District of Kansas best serves the interests of justice and the convenience of parties and potential witnesses. Even assuming, as plaintiffs argue, that Anthony McCoy may be considered a District of Columbia resident despite his physical presence and indefinite incarceration in Florida (currently), the District of Columbia's only ties to this litigation are plaintiffs' residency here and their prison sentences, imposed by the Superior Court of the District of Columbia. In contrast, the prison in which all of the events giving rise to this action occurred is in Kansas, as are the prison's administrative, housing, investigative and custodial records, and the medical and custodial files of plaintiff Albert C. McCoy. Def. Reply, Ex. 1, Fornshill Decl. At least 12 of the 15 people that plaintiffs identified as witnesses in the administrative claims filed with the Bureau of Prisons in connection with the stabbings live in or around Kansas. Id. Anthony McCoy's prisoner records are with him in Florida. Id. Plaintiffs argue that Albert C. McCoy will be subjected to hardship if the case proceeds in Kansas, but this possibility is outweighed by the fact that the vast majority of the evidence and virtually all the witnesses in the case are likely to be in Kansas. Furthermore, Albert C. McCoy's incarcerated co-plaintiff, Anthony McCoy, is unaffected by the venue.

In the interest of justice, the Court will transfer this action to the United States District Court for the District of Kansas, the district in which the events giving rise to plaintiff's claims occurred and in which venue is proper.

An Order consistent with this Memorandum Opinion will be issued separately this same day.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: August 25, 2006