UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>      ANTHONY MCCOY<br><br>           Plaintiffs<br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)  Civ. A. No. 06cv762 (PLF)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR RECONSIDERATION OF TRANSFER ORDER AND FOR STAY
PENDING RECONSIDERATION**

Plaintiffs move the Court to reconsider its August 25, 2006, order transferring the case to the United States District Court for the District of Kansas, and to stay execution of the order pending reconsideration. In support of this motion plaintiffs rely on the accompanying memorandum.

Respectfully submitted,

_____
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>    ANTHONY MCCOY    )<br>    )<br>    Plaintiffs    )<br>v.    )<br>    )<br>UNITED STATES OF AMERICA,    )<br>    )<br>    Defendant.    )<br>    ) | Civ. A. No. 06cv762 (PLF) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF
TRANSFER ORDER AND FOR STAY PENDING RECONSIDERATION**

The Court based its August 25, 2006, transfer order on its finding that the hardship that transfer to Kansas may cause plaintiff Albert C. McCoy "is outweighed by the fact that the vast majority of the evidence and virtually all the witnesses in the case are likely to be in Kansas." Memorandum Opinion (August 25, 2006) at 4. The Court based this finding on the Fornshill Declaration, an exhibit first submitted with defendant's reply. *Id*. The declaration listed names and locations of persons identified in plaintiffs' administrative claims as "witnesses." Based on this list the Court found that "[a]t least 12 of the 15 people that plaintiffs identified as witnesses in the administrative claims . . . live in or around Kansas." *Id*.

The persons "identified as witnesses in the administrative claims," however, are not at all "likely" to be "witnesses in the case" before the Court. The basic facts of plaintiffs' negligence claim are indisputable. Prison officials placed in plaintiffs' cell an inmate that the officials, based on strong evidence, suspected of murdering another prisoner in retaliation for the deceased's punching of plaintiff Albert C. McCoy. The inmate attacked both plaintiffs, repeatedly stabbing them. These basic facts almost certainly were found by the "Special Investigative Section" investigation, Fornshill Declaration at ¶ 3, and will be proved by

admission in evidence of the relevant portions of the investigative report under Rule 803(8)(C), Fed. R. Evid. ("factual findings resulting from an investigation made pursuant to authority granted by law").[1] The basic facts found by the investigation likely establish negligence without need for expert testimony; but if an expert were needed, plaintiff would present an expert who is located in the Washington, D.C. area, not Kansas. To prove plaintiffs' damages, plaintiffs will present their own testimony, prison medical records showing their physical injuries and diagnoses of and treatment for Post-Traumatic Stress Disorder, and records and testimony by a mental health professional located in the Washington, D.C. area concerning the continuing mental health treatment of Albert C. McCoy.

Thus, it is likely that all of the witnesses who will testify to prove Albert C. McCoy's claim are located in the Washington, D.C. area, not Kansas. This outweighs the fact that the originals of the records likely to be introduced in evidence are in Kansas. The originals are unlikely to be needed; copies almost certainly will suffice. Rule 1003, Fed. R. Evid. Sending from Kansas to the District of Columbia copies of a few documents is not a significant inconvenience. Requiring plaintiff Albert C. McCoy and his current mental health treatment provider to travel from Washington, D.C. to Kansas, however, at plaintiff's expense, would impose great hardship.

Defendant bears the burden of proving that Kansas would be a more convenient forum. To meet its burden in this case, defendant should be required to show by documents and affidavits that (1) contrary to plaintiffs' belief, the basic facts of plaintiffs' negligence claims, stated above, were not found by defendant's investigation; (2) instead, the basic facts are

---

[1] Plaintiffs cannot show this with certainty at this time because the investigative reports were withheld from plaintiffs when the Bureau of Prisons responded to their Freedom of Information and Privacy Acts request for all relevant records. Nonetheless, it is likely true.

3

disputed; and (3) in disputing the basic facts or damages, defendant will present at trial at least three witnesses who are located in or near Kansas (naming or otherwise identifying them and stating their expected testimony). *Terkeurst v. United States*, 549 F. Supp. 455 (W.D. MI 1982) (transfer denied where government failed to present "particulars in the form of proof or affidavits . . . specify[ing] the actual number of witnesses, the nature of their testimony, [and] the extent to which they would be inconvenienced"). The Court should not transfer the case unless defendant establishes these matters by competent evidence.

Pending reconsideration, the Court should stay execution of the transfer order. Plaintiff's motion for reconsideration should be granted. The transfer order should be vacated and defendant's motion for transfer denied.

                                                  Respectfully submitted,

Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

Counsel for Plaintiffs