UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT C. MCCOY and<br>ANTHONY MCCOY<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06cv762 (PLF)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF TRANSFER ORDER AND
FOR STAY PENDING RECONSIDERATION**

The Defendant, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Plaintiffs' Motion for Reconsideration of Transfer Order and for Stay Pending Reconsideration. As grounds for this opposition, Defendant submits and relies upon the following:

**DISCUSSION**

A court need not grant a motion for reconsideration unless there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C.Cir.1998); McKesson Corp. v. Islamic Republic of Iran, 116 F.Supp.2d 13, 43-44 (D.D.C.2000). "A court will grant a motion to reconsider only if the moving party can present new facts or clear errors of law that 'compel' a change in the court's prior ruling." Assassination Archives & Research Center v. Central Intelligence Agency, 48 F.Supp.2d 1, 13 (D.D.C.1999); accord, National Center for Manufacturing Sciences v. DOD, 199 F.3d 507, 511 (D.C. Cir. 2000). Inasmuch as Plaintiffs

have failed to identify an intervening change in the controlling law, have not presented newly-discovered evidence and clearly failed to show that the challenged decision was a clear error or resulted in a manifest injustice that compels a change in the prior ruling, their motion for reconsideration should be denied.

Specifically, Plaintiffs argues that since the "basic facts of plaintiffs' negligence claims are indisputable," that the only remaining issue relates to damages, and that Plaintiffs' witnesses regarding damages are located in the Washington, D.C. area. See Plaintiffs' Motion for Reconsideration at 2-3. In light of the circumstances of this case, Plaintiffs' argument flies in the face of both reason and experience. The underlying facts of the alleged negligence are certainly in dispute. Moreover, Plaintiffs' argument that "it is likely true" that defendant's alleged negligence will be proved by admissions is without basis in fact. See Plaintiffs' Motion for Reconsideration at 3, n.1. Lastly, as this Court noted, "the prison in which all of the events giving rise to this action occurred is in Kansas, as are the prison's administrative, housing, investigative and custodial records, and the medical and custodial files of plaintiff Albert C. McCoy." See Docket No. 6, Memorandum Opinion at 4.

In light of the foregoing, nothing in Plaintiffs' motion merits this Court's reconsideration of its finding "that transferring the case to the District of Kansas best serves the interests of justice and the convenience of parties and potential witnesses." See id.

WHEREFORE, given the absence of new evidence, a change in controlling law or the necessity to correct clear error or to prevent manifest injustice, Defendant respectfully submits that Plaintiffs' motion for reconsideration of transfer order and for stay pending reconsideration should be denied.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338